IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARKEE HORTON,

    Petitioner,

v.

WARDEN, MADISON
CORRECTIONAL INSTITUTION

    Respondent.

CASE NO. 2:17-CV-00758
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

This matter is before the Court after Petitioner failed to comply with this Court's October 24, 2017 Order. (ECF No. 5.) For the following reasons, the Undersigned **RECOMMENDS** that this action be *sua sponte* **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)") for failure to prosecute.

**I.**

On August 25, 2017, Petitioner, an Ohio inmate, filed an unsigned, undated, and unverified petition for a writ of habeas corpus under 28 U.S.C § 2254. (ECF No. 1.) On September 29, 2017, the Court ordered Respondent to answer the petition. (ECF No. 2.) On October 19, 2017, Respondent moved this Court to vacate its Order requiring an answer to the petition because the unsigned, undated, and unverified petition failed to comply with Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C § 2242, both of which provide that an application for a writ of habeas corpus "shall be signed and verified" by the person seeking habeas relief or by someone acting on his behalf. (ECF No. 4.) The Court denied Respondent's motion, but directed the Clerk of this Court to

mail a copy of the petition to Petitioner. (ECF No. 5.) The Court further ordered petitioner to sign and return that copy of the petition to the Clerk for re-filing within fourteen (14) days of the date of that Order. (*Id*.) The Court also warned Petitioner that "failure to comply with this order will result in dismissal of [the] Petition for failure to prosecute." (*Id*.)

## II.

The Court's inherent authority to dismiss a plaintiff's action because of his or her failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that a federal district's inherent power to dismiss a case *sua sponte* was recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999)).

When determining whether to dismiss an action for failure to prosecute under Rule 41(b), courts in the Sixth Circuit must consider the following four factors:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id*. (citing *Knoll*, 176 F.3d at 363). Applying this four-part inquiry to Petitioner's failure to sign and return his petition after being ordered to do so, the Undersigned finds that dismissal is appropriate.

2

Under the first factor, bad faith, willfulness or fault is found when there is "delay or contumacious conduct." *Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013). Failure to comply with a court order constitutes contumacious conduct that justifies dismissal. *Steward v. Cty of Jackson, Tenn.,* 8 Fed. App'x 294, 296 (6th Cir. 2001) (finding that pro se plaintiff's failure to comply with order directing him to pay filing fees or apply for pauper status constituted bad faith or contumacious conduct justifying dismissal).

Although the record does not establish the second factor— that Respondent has been prejudiced by delay, the remaining factors also weigh in favor of dismissal. The third factor weighs in favor of dismissal because the Court warned Petitioner that his case might be dismissed. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is ... a key consideration" in whether dismissal under rule 41(b) is appropriate). The Court's October 24, 2017 Order explicitly stated that Petitioner needed to sign and return the petition to the Clerk of this Court, and further stated that failure to comply with that directive would result in dismissal of his petition. (ECF No. 5.)

The fourth factor also weighs in favor of dismissal because there is no sanction less drastic that would be appropriate under the circumstances. The Court already dismissed Respondent's motion to vacate the order requiring Respondent to answer the petition, and instead ordered Petitioner to sign and return his petition to the Clerk for refiling. Because Petitioner has already disregarded a Court order imposing a less drastic measure, the Undersigned concludes that no alternative sanction would protect the integrity of these judicial proceedings. *See McFadden v. Caughman*, 811 F.2d 606, 606 (6th Cir. 1986) (finding that district court did not abuse its discretion by dismissing a petition for habeas relief for failure to prosecute; petition failed to satisfy pleading requirements and petitioner failed to amend and correct his pleadings

after being ordered to do so.) Moreover, although Petitioner had fourteen days to comply with the Order imposing a less drastic sanction, twelve weeks have elapsed and Petitioner has yet to comply. The Undersigned finds that this strongly suggests that Petitioner is no longer interested in pursuing his claims and that dismissal is the most appropriate remedy when a party appears to have abandoned his case.

## III.

For the reasons set forth herein, it is **RECOMMENDED** that this action be *sua sponte* **DISMISSED** pursuant to Rule 41(b) for failure to prosecute.

## IV.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Natl Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that failure to object to the magistrate judges recommendations constituted a waiver of [the defendants] ability to appeal the district courts ruling); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district courts denial of pretrial motion by failing to timely object to magistrate judges report and recommendation). Even when timely objections are filed, appellate

4

review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ([A] general objection to a magistrate judges report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .) (citation omitted)).


**DATE: January 22, 2018**                     *s/ Elizabeth A. Preston Deavers*
                                               Elizabeth A. Preston Deavers
                                               United States Magistrate Judge